Mark Mausert
NV Bar No. 2398
Sean McDowell, Esq.
NV Bar No. 15962
729 Evans Avenue
Reno, Nevada 89512
(775) 786-5477
Fax  (775) 786-9658
mark@markmausertlaw.com
sean@markmausertlaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF NEVADA**

LAURA BORST,

    Plaintiff,

vs.    **COMPLAINT AND JURY DEMAND**

CITY AND COUNTY OF CARSON and
ALAN LUNDT,

    Defendants.
_____/

    COMES NOW plaintiff, through counsel, who hereby complains of defendants via this Complaint and Jury Demand as follows:

<u>Parties, Venue, Jurisdiction and Jury Demand</u>

    1.  Plaintiff is a woman and a resident of northern Nevada.  All, or almost all, acts, statements, communications and omissions alleged herein occurred in northern Nevada, i.e., in Carson City, Nevada.  Plaintiff was particularly susceptible to emotional and/or psychological damage, as alleged herein as the result of having been subjected to sexual assault and abuse when she was a child, i.e., when she was approximately five years of age. Plaintiff hereby requests a jury trial relative to all issues so triable.

    2. Defendants Carson City and County of Carson (hereinafter City) are governmental

entities, or an entity, organized per the laws of Nevada, and under Nevada's Constitution, which employed defendant Alan Lundt.

3. Defendant Alan Lundt is a man, previously employed by City. Defendant Lundt is sued in his individual capacity.

4. This Court has venue over this action because all, or almost all, acts, communications, statements and omissions alleged herein occurred in northern Nevada, i.e., within the boundaries of the City and/or County of Carson; defendant City is permanently located in northern Nevada; and defendant Lundt resides in northern Nevada, i.e., in Carson City. Therefore, this Court has venue pursuant to 42 U.S.C. 2000e-5(f)(3); also see 28 U.S.C. sec. 1391(b).

5. This Court has subject matter jurisdiction over this matter as some of plaintiff's claims arise under Title 42, section 1983 and section 1988. That is, plaintiff's constitutional/civil liberties were violated under color of state law. Subject matter jurisdiction is invoked pursuant to 28 U.S.C. 1343. This Court has supplemental jurisdiction over plaintiff's causes of action which sound in common law pursuant to 28 U.S.C. 1367.

First Cause of Action

(42 U.S.C. sec. 1983/Failure to Train)

6. Plaintiff hereby incorporates all of the allegations of paragraphs 1 through 5, inclusive, as well as all other allegations herein in all other paragraphs, as though they were fully stated. This cause of action is brought against the City.

7. Plaintiff was incarcerated in defendant City's detention facility from approximately September 11, 2021, until February of 2022, subsequent to having sustained a misdemeanor conviction. During plaintiff's incarceration she had constitutionally protected liberty interests in being free from sexual harassment, sexual abuse, invasion of her privacy, being subjected to fear of sexual assault and/or batteries, and sexually oriented batteries, per for instance, the Eighth Amendment of the United States Constitution – as well as other provisions, e.g., the Fourteenth Amendment of the United States Constitution. Plaintiff was also protected by the Fourth Amendment to the United States Constitution, i.e., some of defendant's Lundt's

batteries constituted actionable seizures per the Fourth Amendment. Furthermore, some of the movement defendant Lundt subjected plaintiff to, i.e., taking her to his home and/or taking her to a place where at she was compelled to urinate outside, constituted unlawful seizures per the Fourth Amendment. That is, plaintiff, who was in the custody of the City, i.e., within Lundt's custody, was transported by Lundt for the purpose of illegally attempting to use plaintiff to satisfy his sexual urges/desires. One of the purposes re motivated Lundt's transport of plaintiff to his home was to show plaintiff how opulent that home was – for the purpose of impressing plaintiff, in turn for the purpose of convincing plaintiff to engage in sexual conduct with him. Plaintiff suffered emotional distress while being transported to plaintiff's home, and while at the home, i.e., plaintiff believed was in imminent fear of being sexually assaulted. At all times mentioned herein, plaintiff had a reasonable expectation, per various federal and state laws, she would be protected while in custody, per properly fomented policies, which were actually enforced.

8. During a substantial portion of this period, especially the latter portion, plaintiff was subjected to unwanted sexual attention, i.e., harassment, along with offensive sexual touching by an employee of the City, Alan Lundt. The City placed Mr. Lundt in charge of supervising inmates who worked on a road crew or crews. Plaintiff volunteered for road crew work and was subsequently supervised by Lundt.

9. During plaintiff's interactions with Mr. Lundt, she was subject to the following conduct: (1) batteries, which included touching plaintiff's thighs and others of her body; (2) sexual overtures by Lundt, e.g., statements such as "I don't want to live without you", "tomorrow wear a dress with no panties and we'll have some fun", "I can't help but watch you go to the bathroom", etc.

10. Defendant Lundt compelled plaintiff to urinate out of doors, while he watched.

11. Defendant City allowed defendant Lundt to extract plaintiff from its jail, by herself, i.e., absent the company of other inmates and/or personnel, whereupon defendant Lundt made sexual advances to plaintiff, touched plaintiff, and for instance, caused plaintiff to urinate in his presence, while watching plaintiff. Other law enforcement officers were aware of defendant

Lundt's action of isolating plaintiff, i.e., arranging to take plaintiff out of the City's detention facility, in his sole custody, and failed to intervene, or even meaningfully question Lundt's actions.

12. Defendant City routinely has females in its custody per arrests and/or convictions. Defendant City knows, and should know, many of the women it takes into custody have histories of sexual abuse, including child sexual abuse, i.e., the sort of abuse which results in post-traumatic shock disorder and is a catalyst for alcohol/substance abuse, which in turn results in arrests, convictions and custody, i.e., precisely the situation plaintiff was in. Defendant City knows, and should have known, such persons are peculiarly susceptible to sexual predation, e.g., they are often hesitant to complaint of attempts at sexual predation and have a difficult time establishing boundaries. Defendant City knew, and should have known, there is no practical way of identifying all such persons with certainty and there is a substantial likelihood any woman in its custody may have suffered child sexual abuse – and a subsequent, attendant difficulty in forcefully setting boundaries, e.g., they are vulnerable to sexual predation by male law enforcement officers who are in positions of power relative to them.

13. Defendant City was aware and/or should have been aware of the need and/or obligation to train its officers and employees, including defendant Lundt, to respect the boundaries of female inmates, regardless whether a particular inmate took affirmative action to facilitate such respect. Defendant City was aware and/or should have been aware of the need and/or obligation to train its officers and employees to prevent and/or promptly report any attempt by male employees to arrange to be alone with female inmates. That is, defendant City was fully aware of its need and obligation to supervise, train and/or discipline its officers so as to ensure the physical and psychological integrity of the female inmates in its care and custody would be properly respected.

14. Defendant City was aware and/or should have been aware of the need and/or obligation to train, supervise and discipline each of its officers and personnel so as to cause them to observe, monitor, report and/or remedy the conduct of each officer and employee relative to inmates, and especially female inmates, so as to ensure those inmates are not

sexually exploited, battered and/or intimidated, and pursuant to that objective, to minimize the opportunity of male employees to be alone with female inmates. Plaintiff was placed in fear, and suffered severe emotional distress, not just by virtue of Lundt's physical conduct, but also by his remarks, his authority, his superior size and strength, and his mere presence. That is, Lundt's sexual remarks morphed plaintiff's lawful custody into actionable custody per the Fourth, Eighth and Fourteenth Amendment. Defendant Lundt's remarks may not have been actionable if plaintiff was not in custody, e.g., if she was subjected to those remarks via a casual encounter in public. Lundt's remarks, because they were directed at plaintiff while she was in Lundt's control, and especially when she was alone in his custody, per being in the City's custody, rendered the custodial arrangement actionable. This dynamic existed independent of any patently unlawful conduct, e.g., violation of the criminal battery statutes. The City failed to train its officers per this predictable eventuality and thereby acted with reckless and/or deliberate indifference.

15. Defendant City was aware and/or should have been aware of the need to train officers and employees that female inmates may feel helpless, powerless and/or vulnerable and might respond with conduct and/or statements which might appear to welcome romantic and/or sexual advances, when in fact the female inmates were merely coping with conduct which frightened them and/or exacerbated their feelings of helplessness, powerlessness and/or vulnerability.

16. Defendant City had a custom and/or policy of failing to train its officers and/or employees with regard to protecting the physical, mental and/or emotional integrity of female inmates. Defendant City had a custom and/or policy of failing to train its employee to minimize the opportunities for male employees to be alone with female inmates. Defendant City had a custom and/or policy of failing to train its employees to prevent male employees from unnecessarily being alone with female inmates and/or to promptly report any and all attempts to arrange to be alone with female inmates. Further, the failure to have reasonable training policies, and/or any other necessary policies, were in fact policies – which render defendants such as the City liable for harm proximately caused. That is, the failure to have an

adequate policy is a policy.

17. Defendant City's custom and/or policy of failing to train and/or supervise its officers and employees so as to refrain from directing sexual predation towards inmates; to minimize the opportunities for male employees to be alone with female inmates; and to train employees to prevent and/or report any and all attempts by male employees to be unnecessarily alone with female inmates were a direct and proximate cause of the sexual predation directed toward plaintiff by defendant Lundt and the harm which plaintiff sustained thereby.

18. Defendant behaved with deliberate indifference and/or recklessness by failing to foment and maintain a reasonable policies to prevent the situation plaintiff was subjected to, i.e., Lundt being allowed to be alone with female inmates and most importantly, Lundt being allowed to be completely alone with plaintiff, i.e., Lundt was allowed to take plaintiff out of the jail by herself – unaccompanied by even other female inmates.

19. As a direct and proximate result of the City's lack of an adequate training policies, and its actual failure to train Lundt and other officers and/or employees, plaintiff was subject to unwanted sexual touchings, e.g., batteries, sexual remarks, invasion of her privacy, and did suffer apprehension, fear, humiliation and emotional distress. Plaintiff's constitutionally protected liberty interests were violated as a direct and proximate result of defendant's inadequate policies. It has been necessary for plaintiff to retain counsel and incur costs in order to attempt

Second Cause of Action

(42 U.S.C. sec. 1983 Actionable Policy re Failure to Supervise/Failure to Protect Plaintiff's Constitutionally Protected Liberty Interests)

20. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 19, inclusive, and all other paragraphs, as though the same were fully stated herein. This cause of action is brought against the City.

21. Defendant City was, at all times herein mentioned, aware that a number of the female inmates who are within its custody have histories of childhood sexual abuse; might suffer from post-traumatic shock disorder; are not psychologically well equipped to set

boundaries, especially relative to sexually aggressive men; and are otherwise vulnerable to sexual predation.

22. Defendant City was, at all times herein mentioned, aware of the inherent danger of allowing male employees and/or officers supervise female inmates in one-on-one situations, i.e., without the presence of at least one other officer or employee, and especially when no other officer or employee is present, without even the presence of other inmates – and especially when the area in which a male employee or officer may be interacting in a one-on-one situation is not monitored by cameras or auditory recording devices. *See, e.g.,* NRS 212.187(2). NRS 212.187(2) criminalizes the act of having sexual conduct "with a prison who is in lawful custody or confinement, . . ." By enacting NRS 212.187 the Legislature recognized the danger of sexually exploiting inmates, such as plaintiff, and criminalized such sexual exploitation. The State's policies were known to defendant City, as were the prior incidents of sexual abuse of inmates.

23. Defendant City did not maintain and/or enforce any reasonable policy to monitor the whereabouts of Lundt and the females he was supervising, e.g., there was no requirement or electronic mechanism which compelled him to stay in contact with the City and to thereby apprise the City of his current location, and that of the inmate(s) in his custody or any contemplated change of location. Likewise, there was no electronic devices which the City monitored, which would have supplied any of this information. The City's failure to enact and/or enforce adequate policies to protect plaintiff's Fourteenth Amendment, Eighth Amendment and Fourth Amendment liberty interests constitutes actionable policies per 42 U.S.C. sec. 1983.

24. Defendant City did not maintain and/or enforce any reasonable policy to ensure defendant Lundt did not have unmonitored access to plaintiff, e.g., that defendant Lundt was not alone with plaintiff and therefore possessed of opportunities to sexually batter and/or assault plaintiff and make sexually inappropriate remarks to her – and thereby instill fear and apprehension and cause emotional distress.

25. Defendant Lundt was allowed, by the City's policies (or lack thereof – as stated, the

failure to have an adequate policy is, in fact, a policy) to compel plaintiff to exit from the City's detention facility, alone with Lundt, sans any sort of reasonable monitoring. This allowed Lundt to do as he pleased, e.g., to take plaintiff alone to an outdoor site and force her to urinate in his presence, i.e., in his direct line of sight; to take plaintiff to his residence; and to batter plaintiff in a sexual manner in conjunction with making inappropriate sexually-oriented statements to her.

26. As a direct and proximate result of defendant City's failure to foment and/or enforce reasonable policies to ensure plaintiff's safety, i.e., to be free of sexually oriented batteries, assaults and abusive, sexually oriented statements, plaintiff was injured and did suffer as described herein.

### Third Cause of Action
### (Battery)

27. Plaintiff hereby incorporates the allegations stated in paragraphs 1 through 26, inclusive, as well as those in all other paragraphs herein. This cause of action is brought against defendant Lundt.

28. Defendant Lundt did touch plaintiff in an unwanted and sexually manner. Plaintiff understood that Lundt's touching of her was sexual via the nature of Lundt's physical actions and his statements which preceded such touchings, and/or which occurred contemporaneously.

29. As a direct and proximate result, plaintiff was injured and harmed as described herein.

### Fourth Cause of Action
### (Outrage)

30. Plaintiff hereby incorporates the allegations stated in paragraphs 1 through 29, inclusive, as well as those in all other paragraphs herein. This cause of action is brought against defendant Lundt.

31. Defendant Lundt's conduct and statements constituted the common law tort of outrage because of the sexually predatory character of those actions and statements, the fact plaintiff was in custody, and Lundt's abuse of the power and authority which had been reposed

in him.

32. As a direct and proximate result of Lundt's conduct and statements, plaintiff was injured and harmed as described herein.

### Fifth Cause of Action

(Invasion of Privacy)

33. Plaintiff hereby incorporates the allegations of paragraphs 1 through 33, inclusive, and those of all other paragraphs herein, as though the same were fully stated herein. This cause of action is brought against defendant Lundt.

34. Defendant Lundt invade plaintiff's privacy by compelling plaintiff to partially disrobe and urinate in his presence. Plaintiff did not consent to doing so and was implicitly coerced by defendant Lundt who abused his authority and the fact plaintiff was in his lawful custody so as to compel plaintiff to disrobe and urinate in his presence. Plaintiff had a protected liberty interest which should have prevented defendant from engaging in this conduct. Defendant Lundt violated that liberty interest.

35. As a direct and proximate result plaintiff was injured and harmed, as described herein.

### Sixth Cause of Action

(Negligent Infliction of Emotional Distress)

36. Plaintiff hereby incorporates the allegations of paragraphs 1 through 35, inclusive, and those of all other paragraphs herein, as though the same were fully stated herein. This cause of action is brought against both defendants.

37. Defendants owed to plaintiff a duty to refrain from causing her from being subjected to unnecessary emotional distress, e.g., feelings of vulnerability, fear and helplessness – which were easily foreseeable because plaintiff is a woman who was in custody.

38. Defendants owed plaintiff this duty as the result of common law and also Nevada's policy which prohibits sexual exploitation of inmates.

39. Defendant City breached this duty as described above, e.g., by allowing defendant Lundt unmonitored and unrestricted access to plaintiff in areas in which other law enforcement

personnel were not within hearing range and which were not subject to being observed.

40. Defendant Lundt violated this duty by making sexual remarks and overtures toward plaintiff, engaging in unwanted, sexually oriented touching, and by isolating plaintiff from law enforcement personnel and other inmates.

41. As a direct and proximate result plaintiff suffered fear and apprehension, aggravation of post traumatic shock, and feelings of humiliation, violation and emotional distress.

WHEREFORE, plaintiff requests the following relief:

1. For awards of compensatory damages;

2. For awards of punitive damages;

3. For awards of costs and a reasonable attorney's fee; and

5. For such other relief, including injunctive relief, as the Court or jury may deem appropriate, e.g., for an injunction to compel defendant City to adopt and enforce reasonable policies to protect inmates from sexual predation.

DATED this 8th day of December, 2023.

/s/ Mark Mausert
Mark Mausert
NV Bar No. 2398
Sean McDowell, Esq.
Nevada Bar No. 15962
729 Evans Avenue
Reno, NV 89512
TELEPHONE:(775) 786-5477
FACSIMILE: (775) 786-9658
*Attorneys for Plaintiff*